**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AMY PAULSHOCK,**

    **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　Case No. 6:05-cv-1415-Orl-DAB

**NNOVATION LEARNING GROUP, INC.,**
**THE NAVIGATOR SCHOOL, INC.,**
**ALTHA M. NEILSON, KENT R.**
**NEILSON,**

    **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 65)**
>
> **FILED:** June 21, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff Amy Paulshock is suing Defendants for claims arising under the Fair Labor Standards Act for unpaid wages and overtime. Defendants have moved for summary judgment on Counts I and II of the Complaint, contending that a state court judgment and Plaintiff's allegations in the state court case bar her claims against certain Defendants in this FLSA case. Plaintiff responds that these Defendants, and not some other entity described in the state court judgment, were in control of Plaintiff's work and are liable for her unpaid and overtime wages.

**I. Background**

According to Plaintiff, she was employed by Defendants from February 2003 to June 2004 as Program Director; she planned, wrote, and implemented new curriculum for the school as well as planned field trip and in-school activities. Doc. No. 19-2. Plaintiff also taught classes and filled in for teacher absences as a substitute teacher. *Id*. Her regular school hours were from 8:30 a.m. to 4:30 p.m., plus after school on average until 6:30 p.m. *Id*. She worked an average of 1.5 hours at home each evening, and three hours per weekend. *Id*. Plaintiff estimates that she worked 58 hours per week on average, and is due overtime for three hours per weekday and three hours per weekend. *Id*. She sought $11,536 in wages dues (at the minimum wage) and $7,792 for overtime due. *Id*.

Defendants Nnovation Learning Group, Inc., The Navigator School, Inc., Altha M. Neilson, and Kent R. Neilson, filed a Verified Summary of Hours Worked, Rate of Pay and Wages Paid, stating that Plaintiff was not employed by The Navigator School during the time period alleged in the Complaint and Plaintiff was an unpaid parent-volunteer at The Navigator School at various times during the relevant time period. Doc. No. 21.

In a Complaint filed in Orange County Circuit Court, Plaintiff and Craig Paulshock have sued Nnovation Learning Group, Inc., the Navigator School, Inc., Altha M. Neilson, Kent R. Neilson, and Tamra Loiselle in a shareholder derivative suit. *See* Doc. No. 65 at 8-37. The parties stipulated to several facts in a Stipulated Judgment in the state court matter: Amy and Craig Paulshock are shareholders of The Navigator Learning Center, Inc., which has operated the school known as Celebration Academy since February 7, 2003 and is the owner of all assets and has assumed all liabilities from the former The Navigator School, Inc. Doc. No. 65 at 9. Celebration Academy is a private school, grades preschool through twelve. Approximately 25% of the students receive John McKay tuition funding from the State of Florida. Doc. 65 at 2.

## II. Analysis

*A. Standard of Review*

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

"Courts must construe the facts and draw all inferences in the light most favorable to the nonmoving party . . . [e]ven though the facts accepted at the summary judgment stage of the proceedings may not be the actual facts of the case." *Davis v. Williams,* 451 F.3d 759, 763 (11th Cir.

2006) (internal citations and quotations omitted). The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir. 1994). If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Herzog v. Castle Rock Entertainment,* 193 F.3d 1241, 1246 (11th Cir. 1999).

*B. Application to Facts*

Defendants contend they are entitled to summary judgment of Plaintiff's claims based on the Stipulated Judgment holding that Amy Paulshock is a shareholder of the company that owns and operates the Celebration Academy, the location that allegedly owes Plaintiff unpaid wages and overtime. Defendants argue they are also entitled to summary judgment because "Plaintiff is clearly making false statements in this case in order to harass Defendants and improperly get a judgment that, if entered, would conflict with the judgment entered in the state case.

Plaintiff Amy Paulshock, along with Craig Paulshock, brought a shareholder derivative action in state court as minority shareholders of the Navigation Learning Center, Inc. ("NLC"). The state judge entered a Stipulated Judgment[1] finding that NLC had operated Celebration Academy since February 2003. Plaintiff is suing for back wages and overtime from February 2003 to June 2004, when she served as Program Director. Defendants in this case (of which NLC is not one) contend that none of them operated Celebration Academy during the time that Amy Paulshock alleges she was not paid. Plaintiff contends these Defendants had actual possession and operational control over Celebration Academy (f/k/a Navigator Learning Center) during the time period at issue and controlled Plaintiff's work.

---

[1] The copy of the Stipulated Judgment Defendants filed is not certified or supported by affidavit, contrary to Rule 56(e).

To be held liable under the FLSA, a person must be an "employer," which the statute defines broadly as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d) (1994). The Supreme Court has emphasized the expansiveness of the FLSA's definition of employer. *See Falk v. Brennan*, 414 U.S. 190, 195 (1973). Lower courts have consistently found that the FLSA definition of "employer" has enlarged the common law to include individuals who own and manage corporations. *See, e.g., Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986) ("The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer."); *Fortuna Broom Co. v. Wirtz*, 379 F.2d 327, 328 (5th Cir. 1967). The remedial nature of the statute also warrants an expansive interpretation of its provisions so that they will have "the widest possible impact in the national economy." *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir.1984).

The overarching concern is whether the alleged employer "possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case. *Hermann,* 172 F.3d at 139 (citing *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961)). The regulations promulgated under the FLSA expressly recognize that a worker may be employed by more than one entity at the same time. *See Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 66 (2d Cir. 2003) (citing 29 C.F.R. § 791.2 (2003)). Under the "economic reality" test, the relevant factors include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Hermann,* 172 F.3d at 139 (citing *Carter*, 735 F.2d at 12). Defendants have offered no evidence whatsoever concerning the Defendants' joint or individual control over Plaintiff's work, and summary judgment is inappropriate

on that basis alone. It may well be that the state court judgment and Plaintiff's statement in the course of that litigation will limit or shape the issues to be decided here, but Defendants have not demonstrated that they are entitled to summary judgment as a result.

As to the corporate Defendants, the Court agrees with Plaintiff that the state court's Stipulated Judgment does not address whether these Defendants were in control of Plaintiff's work during the relevant time period and, thus, may also be liable for her wages. Defendant corporations have submitted no evidence that they were not "acting directly or indirectly in the interest of" Plaintiff's employer – if it is a separate entity, NLC – or that they had no knowledge of her work. The existence of the Asset-Purchase Agreement (which is not in evidence[2]) does not conclusively establish whether Nnovation Learning Group, Inc., the Navigator School, Inc., or NLC fit within the expansive definition of Plaintiff's "employer" for FLSA liability. Moreover, the Stipulated Judgment states that NLC became responsible for all liabilities of The Navigator School, Inc. and "all liabilities" would include claims for unpaid wages or overtime; the two corporations may also be viewed, if not joint employers under the economic realities test, then as alter-egos. *See, e.g., Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 367 (S.D. N.Y. 2005) (holding that corporation and its successor corporation were alter egos of individual defendant, corporation's sole officer and shareholder).

Defendants have cited no authority for the proposition that an employee who happens to be a minority shareholder is in any different position from any other employee otherwise eligible to bring an FLSA claim.

Defendants' Motion for Summary Judgment is **DENIED** without prejudice to consideration at trial of any relevant aspect of the state court proceedings.

---

[2]The Agreement itself is not attached, but is referenced in the parties' Stipulated Judgment from the state court, which is attached to Doc. No. 65 at 8-11.

**DONE** and **ORDERED** in Orlando, Florida on August 21, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Defendant Altha M. Neilson